**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MATTHEW E. JOHNSON** | ) | |
| | ) | |
| **v.** | ) | **3-07-CV-237-B** |
| | ) | |
| **WELLS FARGO BANK** | ) | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

This action was commenced with the filing of Plaintiff's pro se complaint on February 2, 2007. Aside from the style of the case and Plaintiff's signature the entirety of the complaint consisted of the words "Violation: Fed Reserve Board Regulation D-204.2-d 2-4-a-b." Contemporaneously with the filing of the complaint Plaintiff filed his motion to proceed in forma pauperis.

On February 14, 2007, the court filed an order requiring Plaintiff to file an amended complaint which complied with the requirements of Rule 8(a) within thirty days. On the same date the court filed a second order requiring Plaintiff to execute an affidavit with respect to his employment history, income and assets.

On March 7, 2007, Plaintiff filed a pleading styled Amended Complaint which purported to be in response to the court's order requiring him to file a complaint which satisfied the requirements of Rule 8(a).

On March 16, 2007, Plaintiff filed a financial affidavit on the form provided by the court

which he signed on March 10, 2007. On March 22, 2007, the court filed an order granting Plaintiff leave to proceed in forma pauperis without payment of the required filing fee. After reviewing Plaintiff's amended complaint the court issued and filed a questionnaire to Plaintiff in an effort to determine any basis for his action against Defendant Wells Fargo Bank. Plaintiff's answers to the questionnaire were filed on April 17, 2007.

A review of Plaintiff's amended complaint reflects that it consists almost entirely of approximately 33 pages setting out purported provisions of the Code of Federal Regulations related to banks and banking. It does not identify any relationship between Plaintiff and the defendant bank, nor does it identify any conduct in which the defendant bank or its employees engaged with respect to Plaintiff. Similarly his answers to the magistrate judge's questionnaire fail to provide any information with respect to the acts of conduct of the defendant bank which gives rise to Plaintiff's standing to seek relief.

A pro se plaintiff's pleadings are to be liberally construed. However, this tenet does not permit an indigent plaintiff to wholly circumvent the notice pleadings requirement of Rule 8(a). The magistrate judge has attempted to ascertain whether Plaintiff has any factual basis to purse a judicial action against the defendant bank, specifically in attempting to determine any standing which he has for his action.[1] It is axiomatic that absent a showing that the plaintiff has standing to bring an action that the case and controversy requirement of Art. 3 § 2, cl. 1 of the United States Constitution is not met and a federal court lacks jurisdiction to hear a complaint. See e.g. Delta Commercial Fisheries v. Gulf of Mexico Fishery, 364 F.3d 269 at 272 (5th Cir. 2004). Therefore, since Plaintiff has failed

---

[1] See Rule 8(a) which requires in pertinent part that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief."

to allege sufficient facts to establish the court's jurisdiction his amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the above styled and numbered action be dismissed without prejudice for failure to state a claim on which relief may be granted.

A copy of this recommendation shall be transmitted to Plaintiff.

SIGNED this 15th day of June, 2007.

```
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.